*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOUGLAS LEE HECKAMAN,

Defendant-Appellant.

UNPUBLISHED
May 25, 2023

No. 354888
Ingham Circuit Court
LC No. 19-000119-FC

Before: GADOLA, P.J., and SERVITTO and REDFORD, JJ.

ON REMAND

PER CURIAM.

Defendant appealed his convictions of two counts of first-degree criminal sexual conduct, MCL 750.520b(2)(b) (victim under 13, actor 17 or older), and this Court affirmed in *People v Heckaman*, unpublished per curiam opinion of the Court of Appeals issued May 19, 2022 (Docket No. 354888), but our Supreme Court, in lieu of granting defendant's application for leave to appeal, vacated Part III(A) of this Court's judgment and remanded to this Court for reconsideration of one of defendant's ineffective assistance of counsel claims and apply the correct standard for assessing prejudice as articulated in *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). We incorporate herein the factual background stated in our previous opinion and the standards of review set forth therein. *Heckaman*, unpub op at 1-2.

In Part III(A), we addressed defendant's argument that his trial counsel performed deficiently by failing to offer evidence that the complainant's mother had been arrested before the complainant accused defendant of sexual abuse which defendant contends defense counsel could have used to argue that the complainant fabricated the sexual abuse to somehow protect her mother. On remand, we again address this argument.

In our previous opinion, we summarized the applicable law as follows:

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This "right to counsel encompasses the right to the effective assistance of counsel." *People v*

-1-

*Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). The "[e]ffective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). To prevail on a claim of ineffective assistance of counsel, a defendant must establish counsel's deficient performance, and that the "deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007) (quotation marks and citation omitted). Defense counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, "the result of the proceeding would have been different." *Id*. "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012) (citations omitted). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52 (citation omitted).

Having revisited the issue, we again note that the trial court properly observed that, although defense counsel did not successfully introduce evidence of the complainant's mother's arrest to lend aid to defendant's claim that such arrest motivated the complainant's accusations of sexual abuse, which defense counsel promised to present to the jury, defense counsel actually ably challenged the complainant's credibility. Defense counsel did this with evidence that it was physically impossible for defendant to have sexually abused the complainant and that the complainant failed to report abuse despite the opportunities to safely do so. Defense counsel also highlighted a lack of physical evidence existed of the alleged abuse or behavior changes and the inconsistencies in the complainant's statements which contrasted with defendant's and his partner's consistent statements. Again, reflecting upon the record, we note that the jury found defendant not guilty of one count of CSC-II and could not reach a verdict on a similar count which indicates that defense counsel presented a substantial and partly successful defense that the complainant lacked credibility. The record establishes that defense counsel's performance was not entirely deficient.

Nevertheless, we again conclude that defense counsel's performance fell below an objective standard of reasonableness by failing to deliver on the promise of evidence that would demonstrate that the complainant manufactured her allegations to protect her mother by neglecting to present any evidence linking the complainant's mother's arrest to the complainant's disclosure of sexual abuse. Defense counsel failed to present evidence that the complainant wanted to protect her mother and failed to present evidence linking her mother's arrest to the abuse disclosure. Thus, we again conclude that defendant has established the first element of his ineffective assistance of counsel claim of error respecting his counsel's performance in this regard. Defendant, however, cannot establish the second element which requires that he demonstrate that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different.

"A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v Bagley,* 473 US 667, 682; 105 S Ct 3375; 87 L Ed 2d 481 (1985).

Defendant argues that the additional evidence would have enabled the jury to discern why the complainant desired to place defendant in a bad light. The evidence of complainant's mother's arrest, however, could not establish a temporal or logical connection between the complainant's accusation of defendant's sexual abuse and defendant's contention that she did so to prevent being removed from her mother's custody and returned to defendant's home. Upon further consideration on remand, we are not persuaded to change our analysis and conclusions:

> The leap from Hammon's arrest to the conclusion that the complainant felt compelled to lie requires speculation and is devoid of direct evidentiary linkage. Nothing in the record establishes that the complainant even had knowledge of Hammon's arrest when she disclosed the sexual abuse. The record also does not indicate that Child Protective Services (CPS) even intimated to complainant that she would be removed from Hammon's care. To establish a causal connection, the jury would have had to assume that CPS intended immediately to remove complainant from Hammon and place her again with defendant and his partner, and that the latter had agreed to such an arrangement. But no evidence supports such assumptions. We are not convinced that the jury would have concluded that the complainant manufactured her allegations of sexual abuse because of her mother's arrest. [*Heckaman*, unpub op at 6.]

Moreover, the record reflects that the jury heard the complainant's testimony regarding the process through which she disclosed the abuse, that she first told her sister and cousin and asked them to keep it secret, but the grandmother overheard the sister and cousin's later discussion, and the abuse came out in relation to the school intervention because of the complainant's self-cutting. The complainant testified that she wanted to keep the abuse secret. Had the jury been presented evidence of the complainant's mother's arrest, to make a difference in the outcome, the jury would have had to disregard or discount the complainant's testimony. Further, the record establishes that the prosecution presented substantial evidence from which the jury could reasonably find defendant guilty beyond a reasonable doubt of sexually abusing the complainant. Therefore, we remain unpersuaded that, had the jury been presented evidence of the mother's arrest, there is a reasonable probability that the outcome would have been different. Accordingly, defendant is not entitled to relief and the trial court did not err by denying him a new trial.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ James Robert Redford